Filed 8/24/21  In re J.S. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | B312135 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUAN S.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP01104A) |

        APPEAL from an order of the Superior Court of Los Angeles County, Philip Soto, Judge.  Conditionally reversed and remanded with directions.

        Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, David Michael Miller, Deputy County Counsel, for Plaintiff and Respondent.

Stacie Hendrix for the Minor.

_____

Juan S. (Father) appeals from a juvenile court order terminating his parental rights over J.S. (Minor) pursuant to Welfare and Institutions Code section 366.26. Father contends the juvenile court erred when it determined the Los Angeles County Department of Children and Family Services (DCFS) satisfied its inquiry and notice obligations under the Indian Child Welfare Act (ICWA) and related California law in connection with K.S.'s (Mother's) claims of possible Indian heritage. Father, DCFS, and Minor have stipulated to a limited reversal and a remand to the juvenile court to permit proper compliance with ICWA and related California law. We accept the parties' stipulation.

Our ability to accept a stipulated reversal and remand in the dependency context is discussed in *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379-382. The present case involves reversible error because the parties agree, and we concur, there was noncompliance with ICWA and related California provisions. (See, e.g., *In re T.G.* (2020) 58 Cal.App.5th 275, 287-291.) Because this case would be subject to reversal to permit compliance with ICWA and corresponding California statutes and rules absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8). That is to say, we find the

interests of non-parties or the public are not adversely affected by our acceptance of the stipulation and the remand will not erode public trust or reduce the incentive for pretrial settlement. (See *In re Rashad H.*, *supra*, at 379-382; *Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th 1324, 1329-1330.)

## DISPOSITION

The juvenile court's March 3, 2021, order terminating parental rights is conditionally reversed and the matter is remanded to the juvenile court for the limited purpose of demonstrating full compliance with ICWA and related California law.

The juvenile court is directed to re-appoint counsel for Father and Mother and to order DCFS to comply with the inquiry requirements set forth in ICWA and corresponding California law. If proper inquiry (to include efforts to interview Mother, Minor's maternal grandparents, and other known and available maternal relatives, as well as efforts to contact the Cherokee Nation, the Eastern Band of Cherokee Indians, the United Keetoowah Band of Cherokee Indians in Oklahoma, the Choctaw Nation of Oklahoma, the Jena Band of Choctaw Indians, and the Mississippi Band of Choctaw Indians) is documented by DCFS and found to have been undertaken by the juvenile court and the court determines there is no reason to know Minor is an Indian child, the juvenile court shall reinstate the parental rights termination order. If the juvenile court determines there is reason to know Minor is an Indian child, the court is to proceed in compliance with ICWA and related California provisions,

3

including Welfare and Institutions Code section 224.3.  Pursuant to the parties' stipulation, the remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.